People v Robinson (2025 NY Slip Op 51537(U))

[*1]

People v Robinson

2025 NY Slip Op 51537(U)

Decided on September 25, 2025

Criminal Court Of The City Of New York, New York County

Coleman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 25, 2025
Criminal Court of the City of New York, New York County

The People of the State of New York, Plaintiff,

against
Kevin Robinson, Defendant.

CR-005679-25NY

Alvin L. Bragg, Jr., District Attorney, New York County (Samantha Bugner of counsel), for plaintiff. 
Twyla Carter, The Legal Aid Society, New York City (Veronika Edwards of counsel), for defendant.

Ilona B. Coleman, J.

The defendant first moves this court to find the People's certificate of compliance and statement of readiness invalid and to dismiss his case pursuant to CPL §§ 30.30 (1) (b) and 170.30 (1) (e). Additionally, the defendant moves for an order suppressing or precluding unnoticed statements; directing the People to comply with a demand for a bill of particulars; directing the supplemental discovery procedures; and precluding evidence of prior bad acts at trial. 
I. Relevant Facts
The defendant is accused of assaulting his former intimate partner on October 22, 2024. That day, he allegedly punched the complainant hard enough that she lost consciousness and fell to the ground. The defendant fled, and bystanders helped bring the complainant, a 65-year-old woman, to the local police precinct. Several members of the NYPD investigated the case, attempted to arrest the defendant, and followed up with the complainant in the following weeks. The defendant was not arrested until February 20, 2025, when he was arrested on an unrelated trespass charge. After making the trespass arrest, the arresting officers discovered that the defendant was also wanted for the October 22 alleged assault. 
On February 21, 2025, the defendant was charged with assault (PL 120.00 [1]) and related offenses stemming from the October 22 incident. He was arraigned on those charges the same day, and the case was adjourned to April 9, 2025.
The People's efforts to obtain discoverable materials began promptly. Within days of the [*2]defendant's arraignment, they had requested BWC footage, 911 calls, and NYPD paperwork, and they interviewed the complainant. The People received and tracked significant amounts of discovery, identified various missing documents, and made efforts to located and obtain those documents.
On April 9, 2025, the People were not ready for trial, but the People served a significant amount of discovery on the defense. The case was adjourned to June 4, 2025. The People continued their efforts to obtain discoverable materials, including obtaining a HIPAA release from the complainant and issuing a subpoena for her medical records. On May 9, 2025, the People served additional discovery on the defense. The People then obtained additional documents, confirmed that several other materials did not exist, and on May 19, 2025 made their final disclosures. That day, the People filed a certificate of compliance (COC) and statement of readiness for trial (SOR).
On June 3, 2025, the defense notified the People by email that they believed certain discoverable material had not been produced. Over the next two months, the parties conferred regarding discovery via emails and over the phone. They resolved several issues, and the People disclosed additional discovery during the conferral process. The People filed supplemental COCs on July 9, 2025 and August 4, 2025.
On August 13, 2025, the defendant filed the instant motion.
II. Motion to Strike COC and Dismiss Pursuant to CPL § 30.30
Under CPL § 245.50 (1), the People must affirm in their COC that, "after exercising due diligence and making reasonable inquiries and efforts to ascertain the existence of, obtain, and disclose material and information subject to discovery, the prosecution has disclosed and made available all known material and information it has obtained subject to discovery." When a defendant challenges a COC, this court will first examine the alleged discovery lapses individually to determine whether and to what extent the People failed to meet their discovery obligations. If the court finds any discovery violations, the court will then examine the violations in the context of "the totality of the [People's] efforts to comply with the provisions of [Article 245]" to determine whether the People nevertheless "exercised due diligence and acted in good faith" in discharging their duties (CPL 245.50 [5], [6]; see also People v Bay, 41 NY3d 200, 211 [2023]).
1. The People's Compliance with CPL § 245.20
CPL § 245.20 defines the discovery obligations the People must satisfy before filing a COC. The People must "disclose to the defendant" several categories of "material and information in the possession, custody or control of the prosecution" (CPL 245.20 [1]), and they must also make "a diligent, good faith effort" to obtain such discoverable material and information "where it exists but is not within [their] possession, custody or control" (CPL 245.20 [2]). The defendant argues that the People did not act diligently in that they failed to turn over several allegedly discoverable items prior to filing their initial COC: (1) 911 calls, a sprint report, and radio runs for the defendant's February 20, 2025 arrest; (2) a photograph of the defendant that the complainant showed the police to confirm his identity; (3) an interrupted patrol log; (4) body-worn camera (BWC) footage from Officer Webb, which was provided in a defective file; (5) a BWC checklist; (6) BWC footage for Officers Morgan and Palmieri; (7) an arraignment card; and (8) a pre-arraignment notification form.
First, the People should have disclosed the radio run and sprint report [FN1]
related to the defendant's February 20, 2025 arrest prior to filing their COC (see CPL 245.20 [1] [e], [g]). The People argue that they were not required to disclose the sprint report or radio run because those documents were related only to the February 20, 2025 trespass case. The People are incorrect. The arrest materials "relate to the subject matter of [this] case" — a phrase clearly broad enough to encompass the circumstances of the defendant's arrest (id.; see also People v Zachary L., 86 Misc 3d 1209[a], *2-3 [Crim Ct, NY County 2025]). The importance of this discovery, and thus its relevance to the People's diligence, is limited: the trespass charge for which the defendant was initially arrested is factually unrelated to the assault allegations in this case, and there are also no suppression issues in this case. Moreover, the People provided the materials promptly after the defense requested them. This lapse is thus a minor negative factor in assessing the People's overall diligence.
Second, the People should have disclosed the defendant's photograph before filing their COC (CPL 245.20 [1] [h]). The People do not contest that the photograph was discoverable, instead arguing that the lapse does not reflect negatively on their overall diligence. The People are correct that the photograph is of limited importance. This is a domestic violence case in which the parties are known to each other. There is no indication that the defendant intends to pursue a misidentification defense, and the defendant has not challenged the validity of his arrest on the basis of an unreliable identification. The failure to disclose the photograph was clearly a violation of the People's discovery obligations, but the court concludes that it is only a minor negative factor in assessing their diligence. The People promptly provided the photograph once the defendant notified them of the omission.
Third, the court need not determine whether the interrupted patrol log is discoverable because, either way, it has no bearing on the People's diligence. The interrupted patrol log is maintained by a station's desk officer and tracks when, why, and for how long members of service enter the stationhouse while on duty. It is an administrative document not meant to track substantive information related to any case but instead "[t]o control the amount of time spent in a stationhouse" by on-duty officers. The fact that the People did not know about the document, seek it out, or disclose it to the defense has no bearing on their overall diligence.
Fourth, the technical error that resulted in Officer Webb's BWC footage being disclosed in a corrupted file has no bearing on the People's diligence. The People reviewed the footage before disclosing it and had no reason to believe the downloaded copy was corrupted. The People provided a working copy promptly after the defendant notified them of the issue.
Fifth, the People gave the defense the only BWC checklist that exists in this case before filing their COC. The defendant alleges that the checklist is incomplete and, therefore, that additional checklists must exist. This is inaccurate. Arresting officers often do not completely and accurately fill out the BWC checklist, especially when an arrest occurs long after the initial investigation.
Sixth, the People state that Officers Morgan and Palmieri do not have BWC footage related to this case. The defendant has provided no reason to believe otherwise.
Seventh, even if the arraignment card is technically discoverable, the People's failure to provide it to the defense has no bearing on their diligence. Labelled "NYPD Court Verification / [*3]Arraignment Card," the arraignment card is populated with basic information about the defendant and the case that is drawn from NYPD complaint and arrest reports. Both parties deny having received a copy in this case, but the document is available in the court file for inspection and copying. Given the ease with which the defense can obtain the document, the People have no obligation to produce it.
Finally, the parties disagree about whether a "pre-arraignment notification report" exists in this case and if so, whether it is discoverable. The defense argues that it must exist because it is described in the NYPD patrol guide as something an arresting officer must complete. The People respond that NYPD officers no longer manually fill out the form, and instead the NYC Office of Technology and Innovation obtains the relevant information from NYPD paperwork and provides it to the court in a different format. The People have inquired about the pre-arraignment notification report in this case, and they have established to the court's satisfaction that it is not in their possession, if it ever existed (see also People v. JMW, 83 Misc 3d 1289[A] [Sup Ct, Kings County 2024]).
Overall, the defendant has established that the People violated their discovery obligations with respect to (1) the radio run and sprint report from the defendant's February 20, 2025 arrest, and (2) the photograph of the defendant that the complainant provided to the police. These lapses must now be considered in the context of the People's overall discovery efforts. 
2. The People's Due Diligence
Even where the People have not satisfied all of their discovery obligations, their COC will not be invalidated where they have "exercised due diligence and acted in good faith in making reasonable inquiries and efforts to obtain and provide the material" (CPL 245.50 [6]; see also Bay, 41 NY3d at 211). In determining whether the People acted with due diligence, the court must consider:
[T]he efforts made by the prosecutor to comply with [their discovery obligations]; the volume of discovery provided and the volume of discovery outstanding; the complexity of the case; whether the prosecutor knew that the belatedly disclosed or allegedly missing material existed; the explanation for any alleged discovery lapse; the prosecutor's response when apprised of any allegedly missing discovery; whether the belated discovery was substantively duplicative, insignificant, or easily remedied; whether the omission was corrected; whether the prosecution self-reported the error and took prompt remedial action without court intervention; and whether the prosecution's delayed disclosure of discovery was prejudicial to the defense or otherwise impeded the defense's ability to effectively investigate the case or prepare for trial.
(CPL § 245.50 [5] [a]; see also Bay, 41 NY3d at 212).
On balance, this court concludes that the People exercised due diligence prior to filing their COC. This is not an especially complex case. The allegations include a single act against a single complainant, and the case involves no apparent suppression issues. The People made significant and prompt efforts to comply with their discovery obligations. The vast majority of discovery was disclosed before the People filed their COC. Most of the defendant's alleged discovery violations are either unfounded — several of the items do not exist — or have no bearing on the People's overall diligence. The People incorrectly concluded that materials related to the defendant's arrest were not discoverable in this case, which this court believes is an unreasonable interpretation of the discovery statute. The People also admit that they erred in failing to turn over the defendant's photograph. However, these materials are of limited value in [*4]this case, and it is easy to see how a prosecutor would have overlooked them. The People also rectified the errors promptly once brought to their attention. These minor lapses do not outweigh the People's significant efforts to satisfy their discovery obligations under CPL § 245.20.
Overall, the People "exercised due diligence and acted in good faith in making reasonable inquiries and efforts to obtain and provide the material required to be disclosed pursuant to [CPL § 245.20]" (CPL 245.50 [6]). The defendant's motion to deem the People's COC invalid is therefore denied. 
3. CPL § 30.30
In this case, in which the defendant is charged with an A misdemeanor and no felonies, the People must be ready for trial within ninety days of the commencement of the criminal action (CPL 30.30 [1] [b]). The parties agree that the 87 days between the defendant's arraignment on February 21, 2025 and the filing of the People's COC and COR on May 19, 2025 are chargeable to the People. Because the People's May 19 COC was valid, their COR was also valid, and the period from May 19 through the next court date is not charged to the People. The defense does not allege that any additional time is chargeable to the People. 
The court finds that only 87 days are charged to the People, and the defendant's motion to dismiss is therefore denied.
III. Omnibus Motion
The defendant's motion to suppress or preclude unnoticed statements is denied with leave to renew because the defendant has not challenged any specific unnoticed statement as involuntary (see CPL 710.60 [3]; CPL 710.20).
The request for a bill of particulars is denied. The People filed and served a bill of particulars on May 19, 2025 as part of their automatic disclosure form. That document and the criminal complaint contain all the information the defendant has demanded that is authorized to be included in a bill of particulars (CPL 200.95 [5]).
The motion for a supplemental discovery order is denied. The People have demonstrated that they exercised due diligence and good faith in fulfilling their discovery obligations (see supra), and the defendant has provided no reason why supplemental discovery procedures would be appropriate here. Of course, the People have a continuing duty to disclose and are required as a matter of due process to investigate and turn over all materials favorable to the defense, especially where the defense has made a specific request (CPL 245.60, People v Vilardi, 76 NY2d 67, 77 [1990]). The defendant, however, has not demonstrated that court intervention is necessary to ensure the People's compliance with those obligations.
Finally, the motion to preclude evidence of prior bad acts is referred to the trial court. The People are directed to provide supplemental discovery to the defense as soon as practicable and at least fifteen calendar days prior to the first scheduled trial date (CPL 245.20 [3]; CPL 245.10 [1] [b]).
This constitutes the decision and order of this court.
Dated: September 25, 2025
New York, NY
Ilona B. Coleman, J.C.C.

Footnotes

Footnote 1: No 911 call was made in connection with this case.